UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America ) | CR. NO.: 3:02-548 (CMC) |
| ) | |
| v. ) | |
| ) | **OPINION and ORDER** |
| Johnny William Cooper, Jr., ) | |
| ) | |
| Defendant, ) | |
| ) | |

Defendant has filed a motion for relief pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of both trial and appellate counsel. The Government responded in opposition to Defendant's motion, moving for summary judgment. An order was entered pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Defendant of the importance of and requirements relating to a response. Defendant has responded to the Government's motion, and the matter is ripe for resolution.

### BACKGROUND

In July 2002, Defendant, together with thirty-two (32) codefendants, was indicted by a federal grand jury for participating in a conspiracy to distribute 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1]

Defendant proceeded to trial in March 2003, and was found guilty on May 2, 2003. On March 8, 2004, Defendant was sentenced to 420 months' imprisonment and a term of supervised release of ten years.

Defendant appealed his conviction and sentence. In a consolidated appeal, the Fourth Circuit

---

[1] The indictment was superseded twice but neither of these superseding indictments added charges against Defendant.

1

Court of Appeals determined that error committed by this court under *Booker v. United States*, 543 U.S. 220 (2005), was not harmless, and vacated Defendant's sentence and remanded to this court for resentencing.

On July 22, 2008, Defendant appeared for resentencing. After due consideration of the Sentencing Guidelines and other factors under 18 U.S.C. § 3553, Defendant was sentenced to 300 months' imprisonment. Defendant thereafter appealed, and on May 8, 2009, the Fourth Circuit affirmed Defendant's sentence. *United States v. Cooper*, 351 Fed. App'x 814 (4th Cir. 2009).

### DISCUSSION

Defendant maintains that he received ineffective assistance of counsel from trial counsel and on appeal. He contends that trial counsel was ineffective "for giving [Defendant] bad advice on the sentence he would receive[ ] if he went to trial . . ." and in allowing Defendant to take a polygraph examination "even though [Defendant] had decided to go to trial." Mem. Supporting Facts at 22, 24 (ECF No. 3293-1 at 14, 16, filed Oct. 25, 2010). Defendant also asserts that appellate counsel was ineffective in failing to appeal the two-level gun enhancement; in failing to appeal the amount of "crack" cocaine attributable to Plaintiff; in failing to appeal the obstruction of justice enhancement; and in failing to appeal this court's denial of a reduction for mitigating role.

The court finds that for the reasons stated by the Government, which this court has determined are correct and adopts as its findings, Defendant's motion is without merit.[2] Defendant's response to the Government's dispositive motion is largely repetitive of his original motion, filled

---

[2] The Government did not specifically address Defendant's claim that appellate counsel was ineffective in failing to appeal the "methods" used to determine the conversion ratio used to calculate the conversion of powder cocaine into "crack" cocaine for sentencing purposes. However, this claim is without merit, as the Fourth Circuit approved the conversion ratio used (88:1) in *United States v. Ricco*, 52 F.3d 58 (4th Cir. 1995).

2

with conclusory and unsupported assertions of alleged error by counsel. Therefore, the Government's motion for summary judgment is **granted**, and Defendant's motion for relief is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

   **IT IS SO ORDERED.**

                              s/ Cameron McGowan Currie
                              CAMERON MCGOWAN CURRIE
                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 20, 2011